```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

```
------------------------------------x
PABLO OTERO,                        :

          Plaintiff,                :    CIVIL ACTION NO.
v.                                       3:99cv2378 (WIG)
                                    :
JOHN C. COLLIGAN,
Personnel Director of the           :
City of Bridgeport;
CITY OF BRIDGEPORT; and             :
HECTOR TORRES, Chief of
Police of the City of Bridgeport,   :

          Defendants.               :
------------------------------------x
```

**RULING ON PLAINTIFF'S MOTION FOR AN AWARD
OF ATTORNEY'S FEES AND COSTS [DOC. # 80]**

Pursuant to the Court's Findings of Fact and Conclusions of Law[1] and Rule 54(d)(2), Fed. R. Civ. P., Plaintiff has now moved for an award of attorney's fees and costs under 42 U.S.C. § 1988(b).[2] Plaintiff seeks attorney's fees for 156.15 hours of time at the rate of $275.00 per hour, for a total of $42,941.25, and costs in the amount of $363.20. Defendants do not challenge

---

[1] Otero v. Colligan, No. 3:99cv2378(WIG), 2006 WL 1438711 (D. Conn. May 17, 2006).

[2] The Civil Rights Attorney's Fees Awards Act of 1976, as amended, 42 U.S.C. § 1988(b), provides in relevant part:

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

1

the reasonableness of the hours expended or the requested hourly rate but, based on their interpretation of Farrar v. Hobby, 506 U.S. 103 (1992), they object to any award of fees or costs on the ground that Plaintiff received an award of only nominal damages. Alternatively, they argue that, if the Court is inclined to award fees, the requested fee award should be "drastically reduced" to reflect Plaintiff's limited success.

## Discussion

### I.  Whether Plaintiff is Entitled to a Fee Award

The instant case presented a legal scenario similar to that in Carey v. Piphus, 435 U.S. 247, 266 (1978), an action brought by public school students against school officials, who had suspended them from school without procedural due process.  The Supreme Court held that, even if the students' suspensions were justified and even if they did not suffer any actual injury, the students were entitled to an award of nominal damages.  "Because the right to procedural due process is 'absolute' in the sense that it does not depend upon the merits of a claimant's substantive assertions, and because of the importance to an organized society that procedural due process be observed, . . . the denial of procedural due process should be actionable for nominal damages without proof of actual injury." Id. (internal citations omitted).

Thus, in this case, after finding that Sgt. Otero's

constitutional right to procedural due process had been violated, but that Sgt. Otero has not carried his burden of proving that this violation was the proximate cause of his actual injuries, the Court awarded him nominal damages of $1.00. Additionally, citing Farrar, the Court held that, as the prevailing party, Sgt. Otero was "entitled" to an award of attorney's fees and costs under 42 U.S.C. § 1988.

Perhaps a more correct statement of the law – at that juncture – would have been that Sgt. Otero, as the prevailing party,[3] was "eligible for" an award of fees and costs, since, as Defendants emphasize, prevailing party status alone does not end the inquiry as to the propriety of a fee award under § 1988. See LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 757 (2d Cir. 1998) (holding that the question of whether a plaintiff is a prevailing party is a threshold question that is separate from the question of the degree to which a plaintiff prevailed). "A plaintiff who has prevailed in the litigation has established only his eligibility for, not his entitlement to, an award of fees. The

---

[3] Sgt. Otero's status as a "prevailing party" is not disputed. Where nominal damages have been awarded to a plaintiff for a civil rights violation, the Supreme Court has held that such a plaintiff is a "prevailing party" under § 1988. Farrar, 506 U.S. at 112. "A judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay." Id. at 113. "[T]he prevailing party inquiry does not turn on the magnitude of the relief obtained." Id. at 114.

district court retains discretion to determine, under all the circumstances, what constitutes a 'reasonable' fee, and in appropriate circumstances the court may conclude that, even though a plaintiff has formally prevailed, no award of fees to that plaintiff would be reasonable." Id. at 758 (internal quotation marks and citations omitted).

As the Supreme Court in Farrar explained, "[a]lthough the 'technical' nature of a nominal damage award or any other judgment does not affect the prevailing party inquiry, it does bear on the propriety of the fees awarded under § 1988. Once civil rights litigation materially alters the legal relationship between the parties, 'the degree of the plaintiff's overall success goes to the reasonableness' of a fee award under Hensley v. Eckerhart, 461 U.S. 424 (1983)." Farrar, 506 U.S. at 114. "'[T]he most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.' Hensley, supra, at 436." Id.

Defendants in this case cite to the Supreme Court's generalized conclusion that "[w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." Id. at 115 (internal citations omitted). Thus, in Farrar, where the plaintiff, who had sought $17,000,000 from six defendants obtained only a nominal damage

4

award of $1.00 against one defendant, the Supreme Court held that he was not entitled to an award of fees. Id. at 116.

Sgt. Otero's situation, however, stands in stark contrast to that of the plaintiff in Farrar. In Farrar, the plaintiff achieved only a "de minimis victory" in relation to each of the "relevant indicia of success – the extent of the relief, the significance of the legal issue on which the plaintiff prevailed, and the public purpose served." Id. at 122 (O'Connor, J., concurring). Farrar "filed a lawsuit demanding 17 million dollars from six defendants. After 10 years of litigation and two trips to the Court of Appeals, he got one dollar from one defendant." Id. at 116 (O'Connor, J., concurring). As Justice O'Connnor opined in her concurring opinion, "[i]f ever there was a plaintiff who deserved no attorney's fees at all, that plaintiff was Joseph Farrar." Id. Sgt. Otero, on the other hand, prevailed on his only claim against all Defendants. As the Second Circuit noted in a recent decision on attorney's fees, "[t]he Supreme Court has consistently stressed the importance of the degree of the plaintiff's success in the litigation as a factor affecting the size of the fee to be awarded." Kassim v. City of Schenectady, 415 F.3d 246, 253 (2d Cir. 2005) (citing Hensley, 461 U.S. at 428-29, 432); see also Laudermilk v. Fordice, No. 1:95cv161-D-D, 1997 WL 786776, at *11 (N.D. Miss. Nov. 14, 1997) (awarding attorney's fees to plaintiffs who were

successful on their constitutional procedural due process claim, but who received only nominal damages, because even if they had been afforded a hearing, the result would have been the same). Unlike Farrar, Sgt. Otero was successful in all respects except as to the relief awarded by this Court.

Additionally, Sgt. Otero's case presented novel legal issues and served an important public purpose of establishing that procedural due process protections apply to the actions of the Personnel Director in refusing to certify a candidate pursuant to § 212 of the City Charter.  Farrar's lawsuit, on the other hand, could not fairly be characterized as benefitting anyone other than himself. See Mercer v. Duke University, 401 F.3d 199, 203-04 (4th Cir. 2005)(Applying the three factors from Justice O'Connor's concurrence to "help separate the usual nominal-damage case, which warrants no fee award, from the unusual case that does warrant an award of attorney's fees," the Court upheld a § 1988 fee award to the plaintiff because she established a significant legal purpose that served the public interest.); Diaz-Rivera v. Rivera-Rodriguez, 377 F.3d 119, 125 (1st Cir. 2004) (holding that terminated public employees who prevailed on their procedural due process claims but recovered only nominal damages were entitled to an award of attorney's fees because the court's determination that the municipality violated plaintiffs' constitutional rights represented a significant legal conclusion

serving an important public purpose); Schneider v. Colegio de Abogados de Puerto Rico, 187 F.3d 30, 32, 42 (1st Cir. 1999) (awarding legal fees under § 1988 where a prevailing plaintiff's nominal damage award provided a vindication of significant constitutional rights); Koopman v. Water District No. 1 of Johnson County, 41 F.3d 1417, 1420-21 (10th Cir. 1994) (holding that attorney's fees should be awarded to a discharged public employee who received only nominal damages on his procedural due process claim because the district was now on notice that it had to provide employees with constitutionally adequate pre-termination and post-termination hearings), cert. denied, 516 U.S. 965 (1995); see also Cabrera v. Jakabovitz, 24 F.3d 372, 393 (2d Cir.) (awarding attorney's fees under Title VIII, 42 U.S.C. § 3601 et seq., to plaintiffs who had obtained only a nominal damage award based the theory that plaintiffs had prevailed on a novel issue of law that served a significant public purpose), cert. denied, 513 U.S. 876 (1994); Brandau v. Kansas, 168 F.3d 1179, 1183 (10th Cir.) (awarding attorney's fees to a plaintiff, who recovered only nominal damages in a Title VII case, because her victory put the state on notice that it should reform its policies, thereby vindicating the rights of all state employees), cert. denied, 526 U.S. 1133 (1999).

Significantly, Sgt. Otero's case involved the deprivation of his right to procedural due process, a constitutional right that

the Supreme Court has characterized as "absolute" in the "sense that it does not depend upon the merits of the claimant's substantive assertions," and a right that is actionable without proof of actual damages.  Carey, 435 U.S. at 266.  While it is true that Sgt. Otero was not successful in obtaining instatement to the position of lieutenant or monetary damages for the pay differential between his position of sergeant and the promotional position that he sought, he did prevail on his one and only claim and vindicated an important constitutional right to procedural due process not only for himself but for all City employees.

Attorney's fees are authorized by § 1988 for prevailing civil rights plaintiffs in order "to encourage the bringing of meritorious civil rights claims which might otherwise be abandoned because of the financial imperatives surrounding the hiring of competent counsel."  Kerr v. Quinn, 692 F.2d 875, 877 (2d Cir. 1982).  This Court does not believe that this is the kind of case that Farrar intended to discourage attorneys from taking.  Nor, does this Court believe that Sgt. Otero and his counsel should be required to bear the entire cost of battling the City's unconstitutional practice.  See Koopman, 41 F.3d at 1421.  "Deterring meritorious lawsuits on constitutional issues because they offer a small likelihood of a significant money judgment presents as grave a danger to our legal system as frivolous litigation."  Id.

The cases cited by Defendants, where an award of fees was denied, are distinguishable in that they involved nothing more than a vindication of the individual plaintiff's rights, without establishing any new rule of law or having any far-reaching effect.  See Mercer, 401 F.3d at 209 (citing the Second Circuit's observation in Pino v. Locasio, 101 F.3d 235, 239 (2d Cir. 1996), that "[t]he vast majority of civil rights litigation does not result in ground-breaking conclusions of law, and therefore, will only be appropriate candidates for fee awards if a plaintiff recovers some significant measure of damages or other meaningful relief.").

McCardle v. Haddad, 131 F.3d 43 (2d Cir. 1997), involved a violation of the plaintiff's Fourth Amendment right to be free from unreasonable searches.  The jury found that the defendant police officer had violated plaintiff's constitutional rights by searching her car after a lawful stop, but awarded her only nominal damages of $1.00.  The Second Circuit held that the district judge did not abuse his discretion in refusing to award her attorney's fees.  Id. at 55.  The Court reasoned that, despite her claim that the motivating factor for the lawsuit was her "dashed expectations as to the behavior of police officers," id. at 54, she received no cognizable benefit, other than $1.00, from the suit.  She failed to establish the required elements for an award of punitive damages and failed to persuade the jury that

she should receive compensatory damages.  Id. at 55.  She did not request, nor did the court grant, injunctive or declaratory relief that would affect the defendant's behavior toward her, and the lawsuit did not create any new rule of law.  Id.

In Pino v. Locascio, 101 F.3d 235 (2d Cir. 1996), an employment discrimination suit brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., the plaintiff had sought over $21 million dollars in damages, but recovered only nominal damages of $1.00.  She prevailed on only one of three claims against one of two defendants.  "The only way Pino could have been less successful is if she had lost altogether, and then, of course, she would not qualify as a prevailing party."  Id. at 238.  As the Second Circuit opined, "[i]f this is not a case in which Farrar precludes a fee award it is hard to construct one."  Id.

In Caruso v. Forslund, 47 F.3d 27 (2d Cir. 1995), the plaintiff had alleged numerous state and federal civil rights deprivations stemming from the defendant law enforcement officers' entry into her home to search for a missing child.  The district court dismissed all claims except the unreasonable search claim.  While the jury found that the defendants had conducted an unreasonable search, they awarded her no damages.  Thereafter, upon motion, the court awarded the plaintiff nominal damages of $1.00.  Citing plaintiff's lack of success on most of

her claims and her failure to prove a claim for monetary relief, the Second Circuit upheld the denial of attorney's fees.

By this ruling, the Court does not mean to suggest that an award of attorney's fees under § 1988(b) is appropriate in every § 1983 case involving the denial of procedural due process where the plaintiff recovers only nominal damages. However, in this case, under the circumstances discussed above, where Plaintiff was successful on his one and only claim against all Defendants and where Plaintiff prevailed on a novel and significant legal issue, whose resolution benefitted other public employees, the Court finds that an award of fees in appropriate. See Diaz-Rivera, 377 F.3d at 125.

## II.   The Amount of Plaintiff's Fee Award

As noted above, Defendants do not challenge the specific hours or hourly rate requested by Plaintiff. They do, however, suggest that, if the Court is inclined to award fees, the award should be drastically less than the $42,941.25 requested, since Sgt. Otero was not entirely successful in this matter. Plaintiff replies that, as he prevailed on his only claim, there should be no reduction, and that the size of his monetary recovery is not relevant to the amount of the fee award.

The Supreme Court in Hensley, 461 U.S. at 433, stated that the "most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the

11

litigation multiplied by a reasonable hourly rate." The product of these two factors is called the "lodestar." The fee applicant bears the burden of proving the reasonableness of the hours and rate claimed. Id. at 437; Blum v. Stenson, 465 U.S. 886, 895 (1984).

In this case, Plaintiff has requested a fee award for 156.15 hours of time at the rate of $275.00 per hour, for a total of $42,941.25. The Court has carefully reviewed counsel's time records filed in support of the motion and finds that the requested number of hours is reasonable. Although the trial of this case lasted only one day, there was substantial legal work required in preparing the complaint, seeking a preliminary injunction, preparing the joint trial memorandum, drafting lengthy proposed findings of fact and conclusions of law, preparing a lengthy and detailed post-trial memorandum, preparing and responding to motions in limine, and taking depositions. As noted above, this lawsuit also involved novel and difficult legal issues, requiring extensive legal research and analysis.

Additionally, the Court finds that a rate of $275 per hour is reasonable. Plaintiff's counsel, Thomas Bucci, has over thirty years of experience as a trial and appellate attorney. He is a well-respected member of the Connecticut Bar. He served as the Mayor of Bridgeport, as Assistant Corporation Counsel for the City, and recently as the President of the Greater Bridgeport Bar

Association.  Based on the Court's familiarity with hourly rates charged by attorneys in Connecticut with similar years of experience and practicing in the area of employment and civil rights litigation, and based on other fee awards in this district, the Court finds that $275 per hour is extremely reasonable.  See Farbotko v. Clinton County of New York, 433 F.3d 204, 209 (2d Cir. 2005) (holding that the court may take judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district); Omnipoint Communications, Inc. v. Planning & Zoning Comm'n, 91 F. Supp. 2d 497, 499 (D. Conn. 2000)(basing the determination of a reasonable hourly rate on the court's extensive experience and knowledge of rates within the western Fairfield County area); see also Howell v. New Haven Bd. of Educ., No. 3:02CV736(JBA), 2005 WL 2179582, at *11 (D. Conn. Sept. 8, 2005) (awarding fees at a rate of $300/hour to an experienced civil rights litigator);  Fago v. City of Hartford, No. 3:02CV 1189(AHN), 2004 WL 1730351, at *2 (D. Conn. Mar. 18, 2004) (finding $275/hour to be a reasonable rate in a civil rights case); Connecticut State Dept. of Social Servs. v. Thompson, 289 F. Supp. 2d 198, 205-06 (D. Conn. 2003) (awarding fees at the rates of $325/hour and $375/hour and citing numerous cases in which District of Connecticut judges have concluded that an hourly rate of $250 to $300 was the prevailing market rate of attorneys with a high degree of expertise in their

field of law); Sabir v. Jowett, 214 F. Supp. 2d 226, 251 (D. Conn. 2002) (concluding that rates of $275/hour and $250/hour were reasonable in a civil rights case); Tsombanidis v. City of West Haven, 208 F. Supp. 2d 263, 275 (D. Conn. 2002) (awarding attorney's fees based on a rate of $275/hour for a civil rights litigator with 17 years of experience), as amended, 2002 WL 31120856 (D. Conn. Aug. 7, 2002), aff'd, 352 F. 3d 565 (2d Cir. 2003); Omnipoint, 91 F. Supp. 2d at 499 (finding $300/hour to be reasonable for a partner in a Connecticut law firm).  Applying Plaintiff's counsel's rate of $275/hour to the 156.15 hours yields a lodestar of $42,941.25.

### III.  Whether an Adjustment to the Lodestar is Appropriate

There is a strong presumption that the lodestar figure represents a reasonable fee.  See Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999).  However, the lodestar may be adjusted on the basis of several factors, including the "results obtained."  Hensley, 461 U.S. at 434.  There is no formula for determining the extent to which a lodestar should be reduced to account for the limited nature of a plaintiff's success.  See Id. at 436.  An "equitable judgment" is required, id. at 437, and the Court is afforded wide discretion in determining a reasonable fee award.  See LeBlanc-Sternberg, 143 F.3d at 757.  Both in the context of a suit involving a number of "distinctly different claims for relief that are based on different facts and legal

theories," and cases which "present only a single claim" or which "involve a common core of facts or will be based on related legal theories," Hensley, 464 U.S. at 434-435, the Supreme Court has held that the "degree of success obtained" is "the most critical factor." Id. at 436.

As opposed to a case involving different claims, where counsel's work on unsuccessful claims may be unrelated to his work on the successful claims, in a unitary case such as the instant case, it is more difficult to segregate the hours on a claim-by-claim basis. See Id. at 435.

> Instead, the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.
>
> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee . . . encompass[ing] all hours reasonably expended. . . . [T]he fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. . . .
>
> If, on the other hand, a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount.

Id. at 435-36.[4]

---

[4] In Hensley, the Supreme Court set forth the following factors that may be considered by a court in assessing the reasonableness of the lodestar: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the

In the instant case, Plaintiff pursued only one claim and succeeded on that claim.  The only aspect on which he did not prevail was his claim for instatement or compensation for lost pay.  The relief portion of his case was inextricably intertwined with the liability portion.  Indeed, the transcript of the trial and the exhibits introduced by counsel reflect that only a very small fraction of the trial was devoted to the individual relief sought by Plaintiff -- less than ten percent (10%). Nevertheless, the fact remains that Plaintiff did not prevail on this aspect of his case.  Under the circumstances, the Court declines to "drastically reduce" the fee award, as requested by Defendants.  The Court will, however, reduce the lodestar fee by ten percent (10%) to reflect Plaintiff's lack of success on the individual relief that he sought.  Accordingly, pursuant to 42 U.S.C. § 1988(b), the Court awards attorney's fees to Plaintiff in the amount of $38,647.13.

Plaintiff is also entitled to be reimbursed for reasonable costs.  Defendants do not object to Plaintiff's request for costs of $363.20, representing filing and service fees, and which are adequately supported by the record.  Therefore, the Court awards

---

case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  461 U.S. at 430 n.3.

16

costs to Plaintiff in the amount of $363.20.

## Conclusion

For the reasons set forth above, the Court grants Plaintiff's Motion for an Award of Attorney's Fees and Costs pursuant to 42 U.S.C. § 1988(b), and awards Plaintiff attorney's fees in the amount of $38,647.13, and costs in the amount of $363.20.  The Clerk is directed to enter judgment accordingly.

SO ORDERED, this ___28th___ day of June, 2006, at Bridgeport, Connecticut.


                                                ___/s/ *William I. Garfinkel*___
                                                WILLIAM I. GARFINKEL,
                                                United States Magistrate Judge